# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEVIN W. TARPLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:19-CV-40 NAB |
| MICHEAL McMEADE, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's *pro se* complaint. The complaint is defective because it was not signed by plaintiff and not drafted on the Court's form. *See* E.D. Mo. Local Rules 2.01(A)(1), 2.06(A). Additionally, plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a).

Plaintiff, a prisoner at South Central Correctional Center ("SCCC"), filed a letter with this Court that seeks "to file a lawsuit." ECF No. 1. The letter, construed by the Court as a complaint, seeks redress on two incidents or issues: (1) an alleged assault by Butler County Sheriff Michael McMeade and (2) for "wrongful incarceration" against a judge, attorneys, law enforcement officers, and court clerk for alleged wrongdoings during plaintiff's jury trial. The allegations against Sheriff McMeade appear to be the same allegations raised by plaintiff in a case filed by plaintiff last month in this court, *Tarpley v. McMeade*, No. 1:19-CV-30 SNLJ (filed Feb. 11, 2019). Plaintiff acknowledges in his letter that he filed this separate suit but he does not explain how the allegations in this case are different.

It is unclear to the Court whether plaintiff intends for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff does not state what relief he is seeking. Based on the allegations, this appears to be a "hybrid" action of some sort, where plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254. The Court will not allow plaintiff to proceed under both statutes simultaneously in one action. If plaintiff wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes.

Plaintiff will be required to submit an amended complaint on a court-provided form clarifying his claims. Because it is unclear whether plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send plaintiff forms for both types of cases. Plaintiff should inform the Court whether he intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate forms in this case. If plaintiff

wishes to pursue claims under both statutes, he will need to file a second, separate action in this Court.

Plaintiff is warned that if files a motion under § 2254,[1] any future § 2254 motions will be subject to the restrictions on filing second or successive motions. That is, plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Furthermore, plaintiff is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C.§ 2244(d).

Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff's amended complaint should be clear on how the claims raised in this matter differ from those filed in other pending matters.

Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

---

[1] Plaintiff should be aware that in order to bring his habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996).

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form, Petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form, and Motion to Proceed *in Forma Pauperis* – Prisoner Cases form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the filing fee **or** submit a motion to proceed *in forma pauperis* within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion to proceed *in forma pauperis*, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of March, 2019.